**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE ANTONIO FRANCO-FRANCO (A No. 245-301-522),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-06581-JLT-FJS

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Jose Antonio Franco-Franco is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. (Doc. 7 at 11.) In September 2023, Petitioner entered the United States where he was encountered by federal immigration officials. (*See id*. at 6, 12.) On October 1, 2023, the Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 6.) That day, DHS also released the Petitioner on his own recognizance after conducting a

custody determination. (*Id*. at 9; Doc. 1, ¶ 3.) For the following years, Petitioner lived continuously in the United States, obtained work authorization, and maintained employment. (Doc. 1, ¶ 3.) Petitioner has no criminal history. (*Id*. at ¶¶ 3, 6; *see also* Doc. 7 at 13.) Petitioner also indicates that he has not violated a condition of release and does not present a flight risk or danger. (Doc. 1 at ¶ 29.) Respondents provide no argument or evidence to the contrary. (*See* Doc. 7 at 1–3, 12–13, 15.) Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal. (*See id*. at 15.)

On April 22, 2026, Petitioner was stopped by local police for an alleged traffic violation. (Doc. 7 at 12.) The I-213 fails to specify any details whatsoever regarding the nature of the traffic violation. (*Id*.) According to Petitioner, he was stopped while driving to work, complied with the officer's instructions, did not attempt to flee, was not told why he was originally stopped, and was not charged with a crime because of the stop. (Doc. 1, ¶¶ 31–36.) Instead, local police contacted Immigration Customs and Enforcement, who then immediately arrived on scene to arrest the Petitioner. (Doc. 7 at 12.) That day, DHS issued an I-200 administrative warrant for Petitioner's arrest. (*Id*. at 15.) Petitioner was subsequently transferred to the Central Valley Annex Detention Facility in McFarland, California, where he remains. (Doc. 1, ¶ 1.) Months after his arrest, on August 5, 2026, Respondents conducted a custody determination and found that Petitioner would be detained for the remainder of his removal proceedings. (Doc. 7 at 17.) Petitioner requested review of his custody determination by an immigration judge. (*See id*.) That hearing occurred September 25, 2026, (*see* Doc. 9 at 3), however, after Petitioner requested additional time to present supporting documents, the immigration judge withdrew Petitioner's request for a bond determination without prejudice. (Doc. 11 at 4.)

On August 18, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights have been violated. (Doc. 1 at 6–8.) On September 15, 2026, Respondents filed an opposition arguing that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) pending an outcome on his removal proceedings. (Doc. 7 at 3.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that his ongoing detention violates his due process rights. (*See* Doc. 1 at 6–8.) As Respondents concede, Petitioner's detention is controlled by 8 U.S.C. § 1226(a), as someone who was formally encountered upon entry into the United States and released into the interior of the country. (Doc. 7 at 1–3, 9); *see Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a change in circumstance. Accordingly, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable

regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California with a copy of this Order.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 4, 2026

UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.